**UNITED STATES of America, Appellant,**

v.

**Lou DeMARCO, Appellee.**

No. 99–553–CIV–T–30B.

United States District Court, M.D. Florida, Tampa Division.

Sept. 15, 2000.

---

9. Other rules, such as Rule 4001, provide additional requirements in particular circum-  stances.

Mary Apostolakos Hervey, Ann Reid, U.S. Dept. of Justice, Tax Division, Maggie O'Shaughnessy, U.S. Dept. of Justice, Washington, DC, for United States of America.

Michael C. Markham, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clearwater, FL, for Lou DeMarco, Jr.

*ORDER AFFIRMING JUDGMENT OF THE BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF FLORIDA*

MOODY, District Judge.

This cause is before the Court pursuant to a timely appeal by the UNITED STATES of a Final Judgment of the United States Bankruptcy Court for the Middle District of Florida sustaining the debtor's objection to a Proof of Claim for Internal Revenue taxes. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158.

■ The issue before the Court is whether the Bankruptcy Court erred in determining that the debtor was not "responsible" within the meaning of § 6672 of the Internal Revenue Code. As acknowledged by the government in its Initial Brief, the Bankruptcy Court's findings of fact should not be set aside unless clearly erroneous. Fed.R.Bank.P. 8013. A finding of fact is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948).

■ In any determination as to whether a particular person or corporation is a responsible person under § 6672, the facts are critical. *Merchants National Bank of Mobile v. United States,* 878 F.2d 1382 (11th Cir.1989). Here, a final evidentiary hearing was held before the Bankruptcy Court on April 2, 1998. After hearing all of the testimony, the Bankruptcy Court determined that the debtor was not a "responsible person."

Appellant's Brief sets forth many facts, some that are indicia of responsibility, and others that indicate lack of responsibility. In sum, there is evidence in the record to support the finding of the Bankruptcy Court. It is therefore

ORDERED AND ADJUDGED that:

1. The Final Judgment of the United States Bankruptcy Court for the Middle District of Florida is AFFIRMED and this Appeal is DENIED;

2. Appellant's request for oral argument (Dkt.# 6) is DENIED;

3. Appellant's Motion to Strike certain portion of Appellee's Brief (Dkt.# 19) is DENIED as moot. This Court did not rely upon the matters contained in that portion of Appellee's Brief in ruling upon this Appeal.